## MASON v. SALTER.
### Civ. A. No. 2949.

United States District Court
W. D. Louisiana, Shreveport Division.
Sept. 18, 1950.

Robert Chandler, Shreveport, La., for plaintiff.

Watson & Williams, and Arthur C. Watson, all of Natchitoches, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff sues on an alleged "verbal agreement" for a balance of $6,093.61, claimed to be due him for work done in making "certain alterations and additions to defendant's residence * * *." The complaint states that he is "a resident and citizen of the County of Hidalgo, State of Texas."

Defendant, a citizen of Louisiana, according to the pleading, has moved to dis-

miss on the grounds that when complainant "executed the affidavit attached to his complaint on March 17, 1950, he was a resident of the City of Shreveport, and had been for many years prior thereto," and further "that the amount in controversy is actually less than $3000," or below the jurisdiction of this court.

A stipulation was filed in which it was agreed that:

1) On March 17, 1950, when plaintiff signed the affidavit supporting his petition, he "was still a resident of the City of Shreveport, Louisiana";

2) He "did, however, go to Texas immediately thereafter and was in Texas on March 20, 1950, when this suit was filed, and has remained in the State of Texas as a resident thereof * * * to the present date"; and

3) Defendant had paid "various subcontractors on this contract" the total sum of $1,771.25.

There was no further proof by either side. The verification of the complaint was, as stated, on March 17, 1950.

 Taking the issues as to jurisdiction in reverse order, it is sufficient to say that, in so far as the amount is concerned, the complaint alleges a balance due for labor, etc., the defendant having furnished the materials, in the sum of more than $6,000, while the stipulation concedes this should be reduced by approximately $1,700, which would still leave the demand considerably in excess of $3,000. In the absence of any further proof to the contrary, the jurisdictional amount appears to be sufficiently established, and the motion to dismiss to that extent will be denied.

On the other hand, in so far as citizenship is concerned, the motion puts the plaintiff to the necessity of establishing it by proper proof. Cyclopedia of Federal Procedure, 2d Ed., Volume 1, Page 746, Section 292, Verbo, Jurisdiction and Judicial Power; see, also, Ibid., Volume 4, Page 454, Section 1144, Verbo, Pleadings and Motions, as well as cases cited in the footnotes under both sections. The citizenship at the moment of the commencement of the action or suit controls, and if the plaintiff had made the necessary proof to establish that his domicile and citizenship were in Texas on the date the action was filed—March 20, 1950, the court is of the view that this would control, rather than the affidavit made on the 17th of that month. However, in view of the fact that he, admittedly, did not begin his residence in Texas until after the latter date, it follows that said affidavit could mean nothing more than that it was his intention to become a citizen of Texas in the future. This adds nothing to support the idea that he has since completed that purpose.

For the reasons stated, the motion to dismiss for failure to establish citizenship in Texas will be sustained.